O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. MOORE,<br><br>     Petitioner,<br><br> v.<br><br>JAMES A. YATES, WARDEN,<br><br>     Respondent.<br>_____ | ) NO. CV 12-1273-AHS (MAN)<br>)<br>)<br>)<br>) ORDER DISMISSING PETITION<br>) AS SECOND OR SUCCESSIVE<br>) AND DENYING A CERTIFICATE<br>) OF APPEALABILITY<br>)<br>)<br>) |

Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on February 14, 2012 ("Petition").  The Petition is the third habeas corpus petition filed by Petitioner in this Court stemming from his 1995 state court conviction and sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On November 12, 2004, Petitioner, who was represented by counsel, filed a Section 2254 habeas petition in this Court, in Case No. CV 04-9318-AHS (MAN) (the "First Action").  The petition challenged the same 1995 state court conviction and sentence at issue here.  Petitioner subsequently filed an amended petition in the First Action, which raised claims that his plea was involuntary due to his lack of education and the ineffective assistance of trial counsel, he received ineffective assistance from appellate counsel, and he was deprived of due process in connection with his preliminary hearing.[1]  On June 21, 2006, Judgment was entered in the First Action, dismissing the action with prejudice, because the original petition was untimely under 28 U.S.C. § 2244(d)(1).  Petitioner did not appeal.

On June 13, 2007, Petitioner filed a second Section 2254 petition in this Court, in Case No. CV 07-3841-AHS (MAN), again seeking relief based on his 1995 state court conviction and sentence (the "Second Action").  On June 27, 2007, Judgment was entered dismissing the Second Action on the ground that the petition was second or successive.  Petitioner did not appeal that Judgment.  On August 10, 2007, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition (Case No. 07-73161).  On October 12, 2007, the Ninth Circuit denied Petitioner's application.

---

[1]    Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its case files and records as well as the dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

A review of the dockets for the Ninth Circuit shows that Petitioner has not sought leave to file a second or successive Section 2254 habeas petition arising out of his 1995 conviction and sentence since his unsuccessful application in Case No. 07-73161.

### DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

3

1    In the First Action, Petitioner sought Section 2254 relief based on
2  the same state court conviction and sentence challenged in this action.
3  The untimeliness of the First Action petition "presents a 'permanent and
4  incurable' bar to federal review," and thus, the dismissal of the First
5  Action "constitutes a disposition on the merits" for purposes of Section
6  2244(b).  McNabb, 576 F.3d at 1029-30 (citation omitted).  The present
7  Petition, therefore, is second or successive within the meaning of
8  Section 2244(b).  *See id.* (holding "that dismissal of a section 2254
9  habeas petition for failure to comply with the statute of limitations
10 renders subsequent petitions second or successive for purposes of"
11 Section 2244(b)); *in accord* Murray v. Greiner, 394 F.3d 78, 79 (2d Cir.
12 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

14    Critically, Petitioner has not obtained permission from the Ninth
15 Circuit to bring this second or successive Petition, as required by
16 Section 2244(b)(3).  Permission to file a second or successive petition
17 may be granted only if Petitioner makes a *prima facie* showing that:  (1)
18 the claim relies on a new, and previously unavailable, rule of
19 constitutional law, which the Supreme Court has ordered be made
20 retroactive to collateral proceedings; or (2) the factual predicate of
21 the claim could not have been discovered earlier through the exercise of
22 due diligence, and the facts alleged, if proven, would be sufficient to
23 establish by clear and convincing evidence that, but for the
24 constitutional error claimed, no reasonable fact-finder would have found
25 Petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb,
26 576 F.3d at 1030.

28    To pursue a Section 2254 habeas action attacking his 1995

4

conviction, Petitioner must persuade the Ninth Circuit that at least one of the above-noted predicates exists for any claim he now wishes to raise.   Based on the nature of the claims alleged in the instant Petition, it is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements.[2]

        As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, this Court lacks jurisdiction to consider the instant Petition.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).  Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

///

///

///

///

///

///

///

///

///

///

---

        [2]    In the First Action, the Court determined that Petitioner's limitations period expired in May 1998.   Given the substantial untimeliness of the First Action petition and the fact that the instant Petition was filed over 13 years *after* Petitioner's limitations period expired, it is difficult to see how the Petition could be found to be timely.

5

1    In addition, pursuant to Rule 11(a) of the Rules Governing Section
2    2254 Cases in the United States District Courts, the Court has
3    considered whether a certificate of appealability is warranted in this
4    case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
5    85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
6    certificate of appealability is unwarranted, and thus, a certificate of
7    appealability is DENIED.

8

9    LET JUDGMENT BE ENTERED ACCORDINGLY.

10

11   DATED:  February 24, 2012.

                                    ALICEMARIE H. STOTLER
                                    _____
                                       ALICEMARIE H. STOTLER
                                    UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
    MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE